UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 13-012-DCR |
| V. | ) |
| LESLIE DAVID HUNTER, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Leslie David Hunter was involved in the distribution of oxycodone and morphine in Clark County, Kentucky, from November 2010 through January 2013. [Record No. 94] As a source of pills, Hunter would travel to various pain clinics in Florida and Georgia, fill prescriptions, and return to Kentucky. [Record No. 94, pp. 2–3] His conduct involved 875 oxycodone 30mg pills, 50 oxycodone 15mg pills, and 59 morphine pills. Further, the defendant was involved in the purchasing of a 2006 Dodge Charger with drug proceeds.

A six-count Indictment was returned against Hunter and two other defendants on January 17, 2013. [Record No. 1] Thereafter, on April 19, 2013, Hunter pled guilty to aiding and abetting the distribution of oxycodone (Count Two) and morphine (Count Three) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, distribution of morphine (Count Four) in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit money laundering (Count Five) in violation of 18 U.S.C. § 1956(h). [Record No. 74] On August 21, 2013,

Hunter was sentenced to a term of imprisonment of 84 months on each of Counts Two, Three, Four, and Five to run concurrently. [Record No. 103, p. 2]

This matter is currently pending for consideration of Hunter's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 107] Hunter requests a two-level reduction in his sentence based on recent changes to the United States Sentencing Commission's drug tables in the United States Sentencing Guidelines. Hunter has provided Certificates of Completion of programs during his imprisonment including Drug Education Class, the Rehabilitation and Values Enhancement Program, and Growing Up Male, Overcoming Violence treatment. [Record No. 107-3] The completion of these programs has been considered in evaluating Hunter's motion. However, for the reasons described below, his motion will be denied.[1]

Hunter's Base Offense Level was calculated as 26 for all four counts of conviction. There were no objections to the defendant's Presentence Investigation Report ("PSR"). Counts Two, Three, and Four were grouped under U.S.S.G. § 3D1.2(d) and had an Adjusted Offense Level of 26. Regarding Count Five, the defendant received a two-level increase under U.S.S.G. § 2S1.1(b)(2)(B) as a result of his conviction under 18 U.S.C. § 1956. [PSR, p. 7] This resulted in an Adjusted Offense Level of 28. Because Hunter's convictions for Counts Two, Three, and Four embodied conduct that is treated as an adjustment to the guideline covering Count Five, all four counts were grouped for sentencing purposes under

---

1 The Court has also determined that this matter need not be scheduled for a hearing to resolve the defendant's motion. There is no constitutional right to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

U.S.S.G. § 3D1.2(c). [PSR, p. 8] Therefore, pursuant to U.S.S.G. § 3D1.3(a), the Adjusted Offense Level for Count Five became the controlling offense level for all four counts. Hunter also received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Thus, Hunter's Total Offense Level applicable to all counts of conviction was 25. Combined with a Criminal History Category of IV, Hunter's non-binding guideline range was 84 to 105 months. [PSR, p. 17]

In determining the appropriate sentence, the Court carefully considered all relevant factors of Title 18 of the United States Code, Section 3553, including the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, Hunter's need for rehabilitation, and the need for adequate general and specific deterrence to future criminal conduct. During the sentencing hearing, the Court recommended that the defendant participate in available vocational training and drug education and treatment programs. [Record No. 103, p. 2] The Court also found that a term of incarceration of 84 months would meet all statutory goals and objectives of sentencing. Further, a lower sentence was not warranted.

The undersigned continues to believe that the sentence originally imposed is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a). Although Hunter has completed numerous programs during his imprisonment, a sentence reduction would unduly diminish the seriousness of his criminal conduct. Hunter was involved in the out-of-state importation of oxycodone and morphine into Central Kentucky for over two years. Such conduct is extremely harmful to the communities in this judicial district.

Additionally, the defendant has a history of controlled substance activity and use dating back to age 18. Hunter asserts that he has taken steps to curtail this activity, as demonstrated by his participation in drug education classes during imprisonment. He also states that he admitted himself into drug treatment prior to being arrested in this matter. [Record No. 107-3, p. 3] However, a sentence reduction under the circumstances presented would fail to provide sufficient specific deterrence to the defendant or general deterrence to others inclined to engage in similar criminal activity. Hunter's past criminal convictions (which include multiple drug crimes) also demonstrate a history of disrespect for the law and disregard for public safety. Therefore, granting a reduced sentence would be improper under the facts presented. Accordingly, it is hereby

**ORDERED** that Defendant Leslie David Hunter's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 107] is **DENIED**.

This 22nd day of May, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge