UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5:13-012-DCR |
| V. | ) ) | |
| LESLIE DAVID HUNTER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Leslie David Hunter is currently serving an 84-month sentence imposed following his guilty plea to aiding and abetting the distribution of oxycodone and morphine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, distribution of morphine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record No. 103] The sentencing hearing was held, and the judgment was entered, on August 21, 2013. On May 21, 2015, Hunter's retained counsel filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines. [Record No. 107] After considering all the relevant statutory factors, this Court concluded that a reduced sentence was not appropriate and denied Hunter's motion by Memorandum Opinion and Order dated May 22, 2015. [Record No. 108]

This matter is pending for consideration of two pro se motions filed by Hunter on September 10, 2015. First, Hunter has moved the undersigned to recuse from further participation in the case. [Record No. 114] Second, Hunter has filed a pleading captioned,

"Motion for Reduction of Sentence of Two-Points Under Amendment 782 Pursuant to 18 USCA § 3582(c)(2) FAIR REVIEW/RECONSIDERATION." [Record No. 115] Because this Court has previously denied Hunter's motion for a reduction of his sentence under § 3582 [Record No. 108], the Court construes the current motion as one seeking reconsideration.

In his current motions, Hunter contends that the undersigned should recuse because of alleged personal bias against criminal defendants convicted of crimes involving the sale and/or distribution of prescription pain pills. [Record No. 114, p. 2] For support, Hunter relies on this Court's denial of motions for sentence reduction filed by other defendants convicted of similar crimes. *Id.* at 2-3. However, as the Sixth Circuit has held, recusal based on 28 U.S.C. § 455(b)(1) is only appropriate where the prejudice alleged is "personal, or extrajudicial." *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* at 319-20. The fact that the undersigned has denied sentence reductions in other cases does not demonstrate personal bias. Regarding Hunter's assertions that the undersigned's denial of sentence reductions is based on the "loss of a loved one to prescription pills," [Record No. 114, p. 3] Hunter presents no factual basis for such allegations. And the Court does not find it necessary to address such specious claims.

Regarding Hunter's motion for reconsideration, "generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). However, under 18 U.S.C. § 3582(c)(2), "the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added) The statute's plain language indicates that a sentence reduction is discretionary, not mandatory. *Curry*, 606 F.3d at 327. While § 3852 permits this Court to reduce Hunter's sentence, it does not entitle him to a sentence reduction. *Id.* at 330.

The Court fully considered all relevant factors presented in denying Hunter's earlier motion and did not misapply the law in reaching that decision. And no argument raised in the current or past motion convinces the undersigned that a reduction of Hunter's sentence is warranted. Likewise, the Court notes that a motion under 18 U.S.C. § 3582 may not be used as a substitute for a direct appeal to challenge guideline calculations from the defendant's original Presentence Report, and it may not be used as an untimely, stealth motion seeking relief that should otherwise be sought under 28 U.S.C. § 2255. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Leslie David Hunter's motion for recusal or disqualification [Record No. 114] is **DENIED**.

2. Defendant Leslie David Hunter's second motion for a sentence reduction [Record No. 115] is **DENIED**.

This 11th day of September, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge